[No. 30377. Department One. February 5, 1948.]

A. M. BENGEL, *Appellant*, v. JOSEPH B. BATES, *Defendant*, THE MADISON CORPORATION, *Respondent*.[1]

*Garvin & Frissell* and *Clarence M. George*, for appellant.

*Brown & Brown* and *Richard W. Axtell*, for respondent.

MILLARD, J.—The Madison Corporation, a domestic corporation, owner of a store building at First avenue and Madison street in Spokane, notified Frank Jenkins, a local real-estate broker, that a portion of the ground floor of the building and the basement were available for renting. No

[1]Reported in 189 P. (2d) 480.

instructions were given to the real-estate broker other than to find a suitable tenant.

Joseph B. Bates, who was apprised by Jenkins of the opportunity to rent the premises in question, discussed the matter with the officers of the corporation. The parties discussed the question of remodeling and making certain alterations. Bates was informed by the corporation that he would be permitted to remodel and redecorate the interior of that portion of the building rented by him to make it suitable for his use, but that the expense incident to the work must be borne by him. Negotiations culminated in a written lease of the ground floor and basement for a term of five years. The provisions of the lease, pertinent to the question before us, read as follows:

"Lessees shall forthwith remodel the front of said store room so as to make one entrance only. Said front to be remodeled and modernized. The bulk head from side walk to the plate glass to be torn out and re-placed with structural glass or other material to be approved by lessor. The store front when remodeled shall be of modern construction and appearance.

"All electrical wiring shall be changed to the effect that all circuits in leased area are to be removed from present light meter and new meter loop established.

"All changes for the aforesaid re-modeling and re-wiring to be done at the expense of the lessees.

"Lessor shall furnish all heat and water; lessees to pay for all electricity and gas.

"Lessees shall redecorate and remodel the interior of said store room at their own expense."

Bates obtained, through Jenkins, a contractor to perform the work of converting the vacant store room into a merchandising establishment. Bates entered into an agreement with A. M. Bengel, that contractor, respecting the improvements the former desired. Jenkins did not participate in the conferences leading up to the agreement. The contractor was informed that he would be paid by, and was working for, Bates. All orders for work done and materials furnished came from Bates. The only authority given to the real-estate broker was to collect the rents from the tenant and

withhold therefrom his fees for making the collection. He visited, without instructions from, or knowledge of, the lessor, the premises during the period the interior was remodeled, but he made no report thereon to the lessor, nor did he give any directions or advice to the lessee or contractor concerning the work.

Pursuant to the contract between Bates and the contractor, the latter furnished certain labor and materials to Bates for remodeling and redecorating the interior of the store room, and none was employed in repairing the front of the building. None of the work performed by the contractor had anything to do with electrical wiring or removal of electrical circuits, light meter, or meter loops. Shortly after completion of the work, Bates went into bankruptcy, and the contractor filed a claim of lien for labor performed and materials furnished in redecorating and remodeling the store room, and brought this action against Bates and the corporation to foreclose his lien. An order of default was entered as to defendant Joseph B. Bates, who failed to plead in the action within the time limited by statute. Trial of the cause to the court resulted in dismissal of the action. Contractor Bengel appealed.

Counsel for appellant contend that the provisions of the lease imposed an obligation upon lessee, Bates, to make such repairs and alterations as were necessary to place the leased premises in a suitable condition for the purpose which the lessee intended to use those premises. It is insisted that, by reason of the mandatory provisions of the lease, the lessee became the agent of respondent, lessor, relative to making improvements, repairs, and alterations to the leased premises; therefore, the feehold interest of respondent, lessor, is subject to the lien for cost of labor and materials therefor.

A reading of the provisions of the lease quoted above, clearly disclose that the lessee was obligated to alter and remodel the exterior front of the building in a certain, definite manner, to be approved by respondent. It was mandatory upon the lessee to make those repairs, and, if

782

he had done so, respondent would have been obligated, in the event of the lessee's default, to meet the cost of such improvements.

That phase of the. lease, however, is not before us, as the lessee did not remodel or alter the exterior front of the building, nor is there any question presented respecting the electrical work, which was performed by another contractor. All the work performed and material furnished by appellant for Bates, was for remodeling and altering the interior of the store room. The agreement in the lease for redecoration and remodeling the interior of the store room, at the expense of the lessee, was permissive. The lessee was under no obligation to redecorate and remodel the interior of the store room and was, therefore, in no sense the agent of respondent, owner. Such work was not for the benefit of respondent, lessor, and no action could have been brought by respondent, lessor, to compel the lessee to remodel the interior of the building.

In *Stetson-Post Mill Co. v. Brown,* 21 Wash. 619, 59 Pac. 507, 75 Am. St. 862, we announced the rule, which we have since consistently followed, that, if the lease does not make it an obligation of the lessee running to the lessor to improve the leased premises, the interest of the lessor may not be charged with liens of those who perform work for the lessee, at his request.

The lease did not impose such an obligation upon the lessee as to render him the statutory agent of the respondent.

Therefore, the judgment is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.